## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelly L. Rozeboom, Individually and as Trustee for the Next-of-Kin of Shawn M. Rozeboom, Deceased, | Court File No.: 07-CV-1609 (JNE/SRN) |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| Mayo Clinic Rochester, a non-profit corporation, d/b/a Mayo Clinic; Methodist Hospital; Timothy Wilson Service; Timothy O. Wilson, MD; Connie S. Di Marco, MD; Erica L. Berven, MD; Stephen A. Contag, MD; Julie A. Mullen, RN; Melanie H. Dixon, MD; and Laura Sather, RN; each individually and in their capacities as employees of Mayo Clinic/Rochester Methodist Hospital, | |
| Defendants. | |

Defendants Mayo Clinic Rochester, Rochester Methodist Hospital, and Timothy O. Wilson, M.D (collectively, "Mayo"), for its Answer to the Complaint in the above-entitled action admits, denies and alleges as follows:

### FIRST DEFENSE

1.     With respect to the allegations contained in paragraph 1, Mayo admits that Ms. Rozeboom was treated at Rochester Methodist Hospital for placenta percreta.  Mayo further admits that the treatment included, among other things, Methotrexate and Leucovorin.  Mayo denies any allegation of negligence, medical malpractice, non-

disclosure, or wrongful death.  Mayo is without information sufficient to admit or deny the remaining allegations contained in paragraph 1 of the Complaint.

2.      With respect to the allegations contained in paragraph 2 of the Complaint, Mayo alleges that this Court's jurisdiction is a matter of law and therefore, does not require a response.  Mayo admits that Mayo Clinic Rochester is a Minnesota not-for-profit corporation in Rochester, Minnesota, and that its doctors, nurses, and health care professionals provide medical care and treatment.  Mayo is without information sufficient to admit or deny the remaining allegations contained in paragraph 2 of the Complaint.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, Mayo alleges that this Court's supplemental jurisdiction is a matter of law and therefore, does not require a response.

4.      With respect to the allegations contained in paragraph 4 of the Complaint, Mayo alleges that venue is a matter of law and therefore, does not require a response. Mayo is without information sufficient to admit or deny the remaining allegations contained in paragraph 4.

5.      With respect to the allegations contained in paragraph 5 of the Complaint, Mayo is without information sufficient to admit or deny the allegations contained in paragraph 5.

6.      Mayo admits the allegations contained in paragraph 6 of the Complaint.

7.      Mayo admits that Mayo Clinic is subject to suit in Minnesota and denies the remaining allegations contained in paragraph 7 of the Complaint..

8.      With respect to the allegations contained in paragraph 8 of the Complaint, Mayo denies that "Timothy Wilson Service" is an organization or legal entity that is subject to suit in this or any other case.

9.      With respect to the allegations contained in paragraph 9 of the Complaint, Mayo denies that "Timothy Wilson Service" is an organization or legal entity that is subject to suit in this or any other case.

10.     With respect to the allegations contained in paragraph 10 of the Complaint, Mayo admits that Rochester Methodist Hospital is Minnesota not-for-profit corporation with its principal place of business in Rochester, Minnesota.  Mayo further admits that Ms. Rozeboom was treated at Rochester Methodist Hospital from March 12, 2004 through March 21, 2004.

11.     With respect to the allegations contained in paragraph 11 of the Complaint, Mayo admits that Rochester Methodist Hospital is subject to suit in Minnesota and denies the remaining allegations.

12.     With respect to the allegations contained in paragraph 12 of the Complaint, Mayo admits that Timothy O. Wilson, M.D., was an individual medical provider and an employee of Mayo Clinic Rochester and acting within the scope of his employment when treating Ms. Rozeboom in 2004.  Mayo denies the remaining allegations contained in paragraph 12 of the complaint.

13.     With respect to the allegations contained in paragraph 13 of the Complaint, Mayo alleges that the allegations are questions of law or legal conclusions and therefore, do not require a response.

14.     With respect to the allegations contained in paragraph 14 of the Complaint, Mayo admits that Connie S. Di Marco, M.D., was an employee of Mayo Clinic Rochester at the time of the incident alleged in the Complaint.

15.     With respect to the allegations contained in paragraph 15 of the Complaint, Mayo admits that Erica L. Berven, M.D., was an employee of Mayo Clinic Rochester at the time of the incident alleged in the Complaint.

16.     With respect to the allegations contained in paragraph 16 of the Complaint, Mayo admits that Stephen A. Contag, M.D., was an employee of Mayo Clinic Rochester at the time of the incident alleged in the Complaint.

17.     With respect to the allegations contained in paragraph 17 of the Complaint, Mayo admits that Julie A. Mullen, R.N., was an employee of Rochester Methodist Hospital at the time of the incident alleged in the Complaint.

18.     With respect to the allegations contained in paragraph 18 of the Complaint, Mayo admits that Melanie H. Dixon, M.D., was an employee of Mayo Clinic Rochester at the time of the incident alleged in the Complaint.

19.     With respect to the allegations contained in paragraph 19 of the Complaint, Mayo admits that Laura Sather, R.N., was an employee of Saint Marys Hospital of Rochester at the time of the incident alleged in the Complaint.

20.     Mayo is without information sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint.

21.     With respect to the allegations contained in paragraph 21 of the Complaint, Mayo admits that Ms. Rozeboom was transferred from the Avera McKennan Hospital to

Rochester Methodist Hospital on the evening of March 12, 2004.  Mayo is without sufficient information to admit or deny the remaining allegations contained in paragraph 21.

22.     With respect to the allegations contained in paragraph 22 of the Complaint, Mayo admits that Ms. Rozeboom arrived at Rochester Methodist Hospital on the evening of March 12, 2004.

23.     With respect to the allegations contained in paragraph 23 of the Complaint, Mayo admits that Timothy O. Wilson, M.D., among others, treated Ms. Rozeboom while admitted to Rochester Methodist Hospital in March 2004.  Mayo further admits that Ms. Rozeboom's treatment included, among other things, Methotrexate and Leucovorin.

24.     Mayo denies the allegations contained in paragraph 24 of the Complaint.

25.     Mayo is without information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint.

26.     Mayo is without information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint.

27.     Mayo is without information sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint.

28.     Mayo denies the allegations contained in paragraph 28 of the Complaint.

29.     Mayo denies the allegations contained in paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, Mayo realleges its response to paragraphs 1 through 29 as set forth above.

31.     Mayo denies the allegations contained in paragraph 31 of the Complaint as pled, and further alleges that proper informed consent under the circumstances was satisfied.

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Mayo alleges that any duty owed is a question of law, and therefore, does not require a response.

33.     Mayo denies the allegations contained in paragraph 33 of the Complaint.

34.     Mayo denies the allegations contained in paragraph 34 of the Complaint.

35.     In response to paragraph 35 of the Complaint, Mayo realleges its response to paragraphs 1 through 34 as set forth above.

36.     Mayo denies the allegations contained in paragraph 36 of the Complaint.

37.     Mayo denies the allegations contained in paragraph 37 of the Complaint.

38.     Mayo denies the allegations contained in paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Mayo realleges its response to paragraphs 1 through 38 as set forth above.

40.     Mayo denies the allegations contained in paragraph 40 of the Complaint.

41.     Mayo denies the allegations contained in paragraph 41 of the Complaint.

42.     Mayo denies the allegations contained in paragraph 42 of the Complaint.

43.     Mayo denies the allegations contained in paragraph 43 of the Complaint.

44.     Mayo denies the allegations contained in paragraph 44 of the Complaint.

45.     In response to paragraph 45 of the Complaint, Mayo realleges its response to paragraphs 1 through 44 as set forth above.

46.    Mayo denies the allegations contained in paragraph 46 of the Complaint.

47.    Mayo denies the allegations contained in paragraph 47 of the Complaint.

48.    Mayo denies each and every allegation contained in the Complaint, except as specifically admitted or alleged above.

## SECOND DEFENSE

49.    Mayo alleges that Ms. Rozeboom, through her next-of-kin, consented to and assumed the risk of all medical treatments provided by Mayo doctors, nurses, and other health care professionals.

50.    Mayo alleges that plaintiff's claims are subject to the statute of limitations for wrongful death actions.

WHEREFORE, Mayo Clinic Rochester prays for a judgment:

A.    Dismissing Plaintiff's claims with prejudice;

B.    Awarding Defendant its costs and disbursements; and

C.    Awarding any other equitable relief the Court deems just.

Dated:  April 12, 2007    DORSEY & WHITNEY LLP


        By ___s/  William R. Stoeri_____
          William R. Stoeri #0140880
          Heather McCann #0386881
        Suite 1500, 50 South Sixth Street
        Minneapolis, MN 55402-1498
        Telephone:  (612) 340-2600

        Attorneys for Defendants

OF COUNSEL TO DEFENDANT:
Joshua B. Murphy, Esq.
Mayo Clinic
Legal Department
220 First Street SW
Rochester, MN  55905